UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DONALD GORDON,

        Petitioner,               Case Number: 23-cv-11315
                                              Judge Jonathan J.C. Grey

v.

E. RARDIN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

Ronald Donald Gordon is a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan. Gordon filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his convictions for coercion and enticement of a minor and interstate travel with intent to engage in a sexual act with a minor which were entered by the Honorable Terrence G. Berg. The petition is not properly filed under § 2241 and will be dismissed.

**I.    Background**

In 2018, Gordon pleaded guilty pursuant to a plea agreement to coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b),

and interstate travel with intent to engage in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b). *See United States v. Gordon*, No. 2:17-cr-20636. Gordon was sentenced to 204 months in prison and eight years of supervised release. (*See* ECF No. 41 in No. 2:17-cr-20636.) Gordon did not file an appeal.

Gordon filed a motion to vacate his sentence under 28 U.S.C. § 2255, where he raised the same claims he brings in the present petition for a writ of habeas corpus. The motion to vacate sentence was denied. *United States v. Gordon*, No. 2:17-CR-20636-TGB, 2020 WL 7240903, at *1 (E.D. Mich. Dec. 9, 2020). The Sixth Circuit Court of Appeals denied Gordon's application for a certificate of appealability. *Gordon v. United States*, No. 21-1018, 2021 WL 8084491, at *2 (6th Cir. June 14, 2021).

Gordon then filed the present petition for a writ of habeas corpus seeking relief on the following grounds: (1) counsel was ineffective for failing to advance meritorious arguments to suppress evidence; (2) his Fifth Amendment right to due process of the law was violated by the police investigation, by referral of the case to Federal, rather than State, prosecutors; and by the presentation of illegally obtained evidence; (3) the statutes under which Gordon was convicted are

unconstitutional; (4) the district court lacked subject-matter and territorial jurisdiction; and (5) he did not knowingly and voluntarily enter into the plea agreement. These are the same grounds Gordon raised in his previous § 2255 motion. *Gordon*, 2020 WL 7240903.

## II. Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether it is apparent that the prisoner is not entitled to relief. Rule 4, Rules Governing § 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141.

A prisoner generally may challenge his federal conviction or imposition of sentence only by means of a motion under 28 U.S.C. § 2255. *Jones v. Hendrix,* 143 S. Ct. 1857, 1866 (2023). A § 2241 petition

for habeas corpus relief is ordinarily limited to challenges to the manner or execution of sentence. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1999) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition."). Under § 2255, a federal prisoner may not file a second or successive motion unless the prisoner relies on either newly discovered evidence, § 2255(h)(1), or new law, § 2255(h)(2).

An exception known as the savings clause, *see* 28 U.S.C. § 2255(e), allows a prisoner to bring a successive habeas challenge to the validity of his conviction or sentence under § 2241 "if—and only if—§ 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention.'" *Jones*, 143 S. Ct. at 1864 (quoting 28 U.S.C. § 2255(e)). The savings clause allows a prisoner to seek successive postconviction relief through a § 2241 petition instead of a § 2255 motion only "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* at 1869.

There is nothing in Gordon's present petition to indicate newly discovered evidence, a change in the law, or unusual circumstances. Gordon raises the same claims here that he previously raised in his

4

original § 2255 motion. Because relief has already been denied on the same grounds in a previous § 2255 motion, Section 2255 is not inadequate or ineffective to test the legality of Gordon's detention. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (citations omitted). Accordingly, Gordon has not met the requirements to proceed under the exception set forth in § 2255's savings clause.

There has been no showing for an exception to the bar on a successive § 2255 motions. And a successive petition that fails to satisfy the savings clause must be dismissed for lack of subject-matter jurisdiction. *See Taylor v. Owens*, 990 F.3d 493, 499-500 (6th Cir. 2021).

### III. Conclusion

Gordon has not shown that § 2255 is inadequate or ineffective to test his detention. The Court, therefore, lacks jurisdiction to decide his § 2241 petition. The petition for a writ of habeas corpus is **DISMISSED.**

**SO ORDERED.**

<u>s/ Jonathan J.C. Grey</u>
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

Dated: October 19, 2023

5

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 19, 2023.

                                      <u>s/ **S. Osorio**</u>
                                      Sandra Osorio
                                      Case Manager